# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**GARY JOHNSON,**
**# 10802,**

    **Plaintiff,**

vs.                                                        Case No. **4:22cv167-WS-MAF**

**ARAMARK CORRECTIONAL**
**SERVICES, LLC, et al.,**

    **Defendants.**
**_____/**

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, submitted a hand-written civil rights complaint, ECF No. 1, to this Court, but Plaintiff did not pay the filing fee to proceed with this case, nor did he file an in forma pauperis motion. An Order was entered on June 2, 2022, requiring Plaintiff to do one or the other if he wanted to proceed with this case. ECF No. 3. Plaintiff was given until July 5, 2022, to either pay the full amount of the filing fee or, in the alternative, file a properly supported in forma pauperis motion. *Id.* In addition, Plaintiff was required to file an amended complaint on the court-provided form. *Id.* As of this date, Plaintiff has not complied, despite the

warning to Plaintiff that a recommendation would be made to dismiss this case if he did not comply by the deadline provided. It appears that Plaintiff has abandoned this litigation.

"A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte" when a Plaintiff "fails to prosecute or" otherwise comply with a court order. See Ciosek v. Ashley, No. 3:13cv147-RV-CJK, 2015 WL 2137521, at *2 (N.D. Fla. May 7, 2015). The Court has inherent power "to dismiss sua sponte for lack of prosecution" as courts must necessarily have authority "to manage their own affairs . . . ." Link v. Wabash R.R. Co., 370 U.S. 626, 630, 82 S. Ct. 1386, 1389, 8 L. Ed. 2d 734 (1962) (quoted in Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)); see also N.D. Fla. Loc. R. 41.1. Furthermore, the Eleventh Circuit Court of Appeals has noted that "[w]hile dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989). It is within this Court's discretion and "inherent authority" to dismiss this case for failing to comply with a court Order. Smith v. Bruster, 424 F. App'x 912, 915 (11th Cir. 2011) (stating it "was within the district court's discretion to

dismiss the plaintiffs' § 1983 action without prejudice either under Rules 11 and 41(b) or under its inherent authority"). Here Plaintiff was forewarned of the consequences of failing to comply with a Court Order. Because he did not comply, dismissal is appropriate.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to prosecute and failure to comply with a Court Order.

**IN CHAMBERS** at Tallahassee, Florida, on July 15, 2022.

 S/     Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No. 4:22cv167-WS-MAF